IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

```
LAURA HARRISON,                )
                               )
            Plaintiff,         )        8:04CV425
                               )
      v.                       )
                               )
ABBOTT TRANSPORTATION, INC.,   )        MEMORANDUM OPINION
                               )
            Defendant.         )
_____)
```

This matter is before the Court on defendant's motion to dismiss and motion for summary judgment and request for attorney's fees (Filing No. 23). Plaintiff Laura Harrison's brief in opposition to defendant's motion was filed on April 29, 2005 (Filing No. 34). This Court ordered the defendant to file a brief in support of its motion that complied with NECivR 56.1 (Filing No. 35). Subsequently, the defendant filed its brief in support of its motion for summary judgment in conformance with NECivR 56.1 on May 11, 2005 (Filing No. 38).

The plaintiff, Laura Harrison, contends that the defendant acted to retaliate against her and to effect a hostile work environment in violation of Title VII of the Civil Rights Act and the Nebraska Fair Employment Practices Act because she raised a worker's compensation claim and cooperated in a complaint against the defendant alleging that the defendant was hostile to employees of Mexican origin and ancestry. The Court has reviewed the motion, the briefs of the parties, and the

evidence submitted by the parties and finds that defendant's motion for summary judgment should be granted and its request for attorney's fees should be denied.

## I. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The party moving for summary judgment must always bear "the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *see* NeCivR 56.1(a). When the party seeking summary judgment carries its burden, the opposing party "must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1996); *see* NeCivR 56.1(b). "A dispute regarding a material fact is genuine, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. Because inferences are often the basis of an employment discrimination claim, "summary judgment should not be granted unless the evidence could not support any reasonable inference of discrimination."

*Breeding v. Arthur J. Gallagher and Co.*, 164 F.3d 1151, 1156 (8th Cir. 1999).

As always at the summary judgment stage, the evidence is viewed in a light most favorable to the nonmoving party, with all inferences drawn in that party's favor. *See Matsushita Elec. Indus.*, 475 U.S. at 587. In making this review, the Court is particularly aware that it does not "weigh the evidence and determine the truth of the matter" but instead determines "whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249. A party that has made contradictory statements or given contradictory testimony can avoid summary judgment as long as there is a satisfactory explanation that accompanies the contradictory statement. *Bailey v. United Airlines, Inc.*, 101 F. Supp. 2d 311, 2000 U.S. Dist. LEXIS 8072, at *19 (E.D. Pa. 2000).

The Eighth Circuit has cautioned that summary judgment should seldom be used in employment discrimination cases.

> Summary judgment is appropriate only in "those rare instances where there is no dispute of fact and where there exists only one conclusion." *Johnson v. Minn. Hist. Soc.*, 931 F.2d 1239, 1244 (1991). Because discrimination cases often depend on inferences rather than on direct evidence, summary judgment should not be granted unless the evidence cannot support any reasonable inference for the nonmovant.

*Crawford v. Runyon*, 37 F.3d 1338, 1341 (8th Cir. 1994). Caution is necessary in employment discrimination cases because intent is usually a central issue. *Christopher v. Adam's Mark Hotels*, 137

-3-

F.3d 1069, 1071 (8th Cir. 1998). When there is no genuine issue as to the employer's intent, then summary judgment may be appropriate. *Christopher*, 137 F.3d at 1071 (explaining that because intent is typically the key issue in employment discrimination cases, courts should proceed with caution when addressing a motion for summary judgment).

## II.  BACKGROUND

The plaintiff, Laura Harrison ("Harrison"), was employed by the defendant, Abbott Parking, Inc. ("defendant"), on January 21, 2001. The last day she worked for the defendant was May 14, 2002. Her letter of termination was dated July 24, 2002.

Harrison alleges that on or about July 9, 2001, Harrison injured her right hand, right arm, right leg and back while at work. Harrison filed her own first report of injury in May, 2002, and informed the defendant of the incident on May 17, 2002, three days after her last day of work and more than ten months after the alleged incident.

Harrison alleges that, later in May, 2002, Michael Abbott called her into his office and threatened her, saying "he would see my name in stone" if she pursued legal action against him and his companies. In apparent contradiction of the fact that her last day of work was May 14, 2002, Harrison alleges that she subsequently saw her hours changed to inconvenience her, saw her work moved to a less convenient location, and was required to work double shifts and extra hours. Harrison further alleges

that Abbott berated and verbally abused her in the presence of coworkers, creating a hostile work environment.

On January 31, 2003, Harrison was interviewed by the Nebraska Equal Opportunity Commission ("NEOC") in regard to a complaint against the defendant by Francisco Dominguez that alleged the defendant discriminated against Dominguez because of his Mexican nationality and heritage.

After the termination of her employment, the defendant claims it received reports that, Harrison contacted current Abbott employees while they were at work and made derogatory comments about the defendant.  In response, the defendant's legal counsel sent Harrison a letter dated March 28, 2003, expressing a belief that her alleged conduct "may constitute defamation or intentional interference" with business relations.  The letter also noted that the defendant had "received information which indicates that you have made false, misleading and/or meritless claims and allegations to government agencies . . . and false statements to the Nebraska Equal Opportunity Commission (NEOC) regarding Mrs. Abbott's use of profanity and racist comments in the work place."  The letter formally advised Harrison to cease and desist contacting defendant's employees while they were at work and to cease and desist making false or derogatory comments to any individuals, entities or governmental agencies.  It also advised Harrison that "if you made false statements regarding Abbott Parking and Abbott Transportation in writing then you must issue another document in writing which states that your prior

-5-

statements were not true and this writing must be sent to the party to whom the original false statements were made."

On April 30, 2003, Harrison filed a charge of discrimination against the defendant with the NEOC and the United States Equal Employment Opportunity Commission ("EEOC"). This charge states:

> I.  I worked for the Respondent as a Cashier/Dispatcher from 1/22/01 until I was terminated on 5/14/02.  On or about 3/29/03 I received a letter from the Respondent's attorney threatening legal action against me if I didn't retract testimony I had provided in a discrimination charge brought against the Respondent by a coworker.  I received the letter in retaliation for acting as a witness in that investigation.
>
> II.  I believe I have been discriminated against on the basis of retaliation in violation of Title VII of the Civil Rights Act of 1964, as Amended, and Section 48-1114 of the Nebraska Fair Employment Practice Act for the following reasons:
>
> 1) On or about 1/31/03 I acted as a witness in an investigation of discrimination brought by a former coworker and testified that I had witnessed Andie (Zori) Abbott (Vice President) making racial comments and using profanity while referring to Hispanics and Blacks, and that I was forced on more than one occasion to sign false affidavits against my coworkers under threat of termination or legal action.
>
> 2) On or about 3/29/03 I received a letter from the Respondent's legal representative accusing me of lying to the Nebraska Equal Opportunity Commission, ordering me to retract my testimony and threatening legal action

-6-

>       against me if I did not.  However, I
>       did not lie in my testimony, and I
>       have no reason to retract any
>       statements I made as witness.
>
>       3) The Respondent has sent
>       similar letters to former employees in
>       the past which threaten them with
>       legal action if they bring charges
>       against them or act as witnesses in
>       cases brought against them.

(Filing No. 11, Ex. 2-A).  Harrison's complaint asserts that she was terminated on May 14, 2002, and that the earliest date of claimed discrimination was March 29, 2003, the date she received the cease and desist letter written by defendant's attorney.  *Id.*

On June 3, 2004, the EEOC issued Harrison a "Right to Sue" notice.  On September 8, 2004, the original complaint in this action was filed (Filing No. 1).  Harrison filed her amended complaint on January 28, 2005 (Filing No. 22).  The defendant filed its motion to dismiss and for summary judgment and request for attorney fees on January 28, 2005 (Filing No. 23).  Defendant's brief in support of its motion was filed on January 28, 2005 (Filing No. 24).  Harrison's brief in opposition to defendant's motion was filed on April 29, 2005 (Filing No. 34).  This Court ordered the defendant to file a brief in support of its motion that complied with NECivR 56.1 (Filing No. 35).  Subsequently, the defendant filed its brief in support of its motion for summary judgment in conformance with NECivR 56.1 on May 11, 2005 (Filing No. 38).

**III.   DISCUSSION**

**A.   Procedural Default**

Harrison argues that the defendant's motion for summary judgment should be denied because the defendant's statement of facts is not comprised of numbered paragraphs with pinpoint citations as required by local rule.  NeCivR 56.1.  Harrison is correct that the defendant failed to number the statement of facts paragraphs in his initial brief in support of his motion for summary judgment as required by local rules.  In response to an order from this Court, the defendant has filed an amended brief (Filing No. 38) that conforms to the local rules.

Harrison next asserts Michael Abbott's affidavit, submitted to support the summary judgment motion, is defective because it does not explicitly state that Mr. Abbott had personal knowledge of all matters alleged in his affidavit.  Fed. R. Civ. P. 56(e).  Rule 56 states that "affidavits shall be made on personal knowledge."  Fed. R. Civ. P. 56 (e).  The rule does not require that the affidavit explicitly state that the affidavit is based on personal knowledge.

Mr. Abbott's affidavit states that Michael Abbott, "upon being duly sworn, states and alleges as follows."  After review of the affidavit, the Court concludes that all of the statements made by Mr. Abbott refer to facts which were within his personal knowledge.  Therefore, the Court will not deny defendant's motion for procedural shortcomings as allowed under local rule 1.1.

**B.     First Cause of Action**

    **1.     Retaliation Claim -- March 29, 2003 Letter**

A retaliation claim by a former employee based upon an employer's post-termination conduct must show that such conduct was employment related. *Robinson v. Shell Oil Co.*, 519 U.S. 337, 346 (1997). The former employee must demonstrate that a retaliatory action adversely affected her future employment or employability. *Cross v. Cleaver*, 142 F.3d 1059 (8th Cir. 1998).

To establish a claim under 42 U.S.C. § 2000e-3(a) plaintiff is required to show (1) that she engaged in an activity protected by the statute, (2) that adverse employment action occurred, and (3) that a causal connection existed between the two. *Sweeney v. City of Ladue*, 25 F.3d 702, 703 (8th Cir. 1994). An adverse employment action occurs where a former employee suing for retaliation, demonstrates that the retaliatory action adversely affects her future employment or employability. *Cleaver*, 142 F.3d at 1076 *(citing Bailey v. USX Corp.*, 850 F.2d 1506, 1508 (11th Cir. 1988); *Pantchenko v. C. B. Dolge Co., Inc.*, 581 F.2d 1052, 1053 (2d Cir. 1978)). Thus, where the March 29, 2003, letter is the alleged retaliatory action, it is incumbent upon Harrison to demonstrate that the letter adversely affected her future employment or employability.

The evidence fails to demonstrate that the letter adversely affected Harrison's future employment or employability. The letter went only to Harrison. Now, more than two years later, Harrison still has not produced any evidence that the

-9-

letter has negatively affected her employability.  Instead, Harrison only speculates that the letter's reference to possible future legal action is a barrier to her employability. Speculation is not evidence.  Without evidence, Harrison is unable to establish a causal connection between the letter and her employability.  Harrison fails to establish a prima facie case of retaliation based upon the March 29, 2003, letter.

**2.   Hostile Work Environment**

To establish a Title VII hostile work environment claim, Harrison must establish the following:  "(1) she is a member of a protected group; (2) unwelcome harassment occurred; (3) a causal nexus existed between the harassment and her protected-group status; (4) the harassment affected a term, condition, or privilege of employment; and (5) her employer knew or should have known of the harassment and failed to take prompt and effective remedial action."  *Bogren v. Minnesota*, 236 F.3d 399, 407 (8th Cir. 2000)(*quoting Austin v. Minnesota Mining & Mfg. Co.*, 193 F.3d 992, 994 (8th Cir. 1999).  Even if the Court, assumes, for purposes of summary judgment, that Harrison has established the elements of her hostile work environment claim, the claim still must fail because Harrison has failed to exhaust her administrative remedies.

<u>Exhaustion Requirement</u>

Before filing a lawsuit in federal court, a Title VII plaintiff must bring an administrative charge of discrimination before the EEOC to provide it "the first opportunity to

investigate discriminatory practices and enable[] it to perform its roles of obtaining voluntary compliance and promoting conciliatory efforts." *Williams v. Little Rock Mun. Water Works*, 21 F.3d 218, 222 (8th Cir. 1994). "A plaintiff will be deemed to have exhausted administrative remedies as to allegations contained in a judicial complaint that are like or reasonably related to the substance of charges timely brought before the EEOC." *Id*. Although a claimant's administrative complaint is liberally construed, in order to further the remedial purposes of Title VII, *Stuart v. Gen. Motors Corp.*, 217 F.3d 621, 631 (8th Cir. 2000), the breadth of a subsequent civil suit is only as "broad as the scope of any investigation that reasonably could have been expected to result from the initial charge of discrimination." *Id*. The Court is "prohibited from inventing ex nihilo, a claim which simply was not made [in an EEOC complaint]." *Kells v. Sinclair Buick-GMC Truck, Inc.*, 210 F.3d 827, 836 (8th Cir. 2000)(citation and quotation omitted).

In her EEOC charge, Harrison failed to allege that she was subjected to a hostile work environment. Instead, her EEOC charge only asserted a retaliation claim based upon the March 29, 2003, cease and desist letter. In that NEOC/EEOC charge, she claims that the earliest date of discrimination occurred on March 29, 2003, over ten (10) months after her last day at work and over eight (8) months after she received notice that her employment was terminated.

-11-

Where Harrison failed to allege a hostile work environment claim with the EEOC prior to the filing of this lawsuit, she has failed to exhaust her administrative remedies as required under Title VII.  Furthermore, this Court is prohibited from inventing such a claim when it was not made in the EEOC charge because a hostile work environment claim is not reasonably related to her retaliation charge which only alleges retaliatory actions occurring more than ten months after Harrison's last day of work.  Therefore, Harrison's hostile work environment claim will be dismissed for failure to exhaust administrative remedies.

**C.   Second Cause of Action**

Harrison's second cause of action in her amended complaint asserts a state law retaliation claim in violation of the Nebraska Fair Employment Practices Act ("NFEPA").  Harrison alleges that the retaliation was in response to a worker's compensation complaint reported by Harrison in May, 2002.  Harrison did not raise this claim in her April 30, 2003, discrimination charge filed with the NEOC and the EEOC.  Harrison has not subsequently raised this charge in any filings with the NEOC or the EEOC.

The NFEPA requires that "a written charge of violation of the NFEPA shall be filed [with the NEOC] within 300 days of the occurrence of the alleged unlawful practice." *Neb. Rev. Stat*. § 48-1118(2).  This written filing is a prerequisite to the filing of a lawsuit.  By failing to file a written charge with the NEOC asserting retaliation, in response to her earlier

worker's compensation claim, Harrison is now procedurally barred from bringing this action in federal court because she failed to exhaust her administrative remedies and Harrison's second cause of action will be dismissed.

**D.     Attorney's Fees**

The defendant seeks attorney's fees on the grounds that Harrison's claim was frivolous, unreasonable and groundless or that Harrison continued to litigate the claim after it was clear that the claim lacked foundation.  A prevailing defendant in a discrimination suit under Title VII of the Civil Rights Act of 1964 may recover attorneys' fees if the plaintiff's case was frivolous, unreasonable, or without foundation. *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421-22, 98 S. Ct. 694 (1978). The Supreme Court cautioned districts courts to avoid hindsight logic that equates frivolousness with the plaintiff's ultimate failure to prevail.  *Id*. at 422.  Even "allegations that, upon careful examination, prove legally insufficient to require a trial are not, for that reason alone, 'groundless' or 'without foundation' as required by *Christiansburg*."  *Hughes v. Rowe*, 449 U.S. 5, 15, 101 S. Ct. 173 (1980).  So long as the plaintiff has "some basis" for the discrimination claim, a prevailing defendant may not recover attorneys' fees.  *Obin v. Dist. No. 9 of International Ass'n of Machinists*, 651 F.2d 574, 587 (8th Cir. 1981).  Applying these principles, the Court concludes that defendant's claim for attorneys' fees should be denied.

### IV. CONCLUSION

For the foregoing reasons, the Court will grant defendant's motion for summary judgment on all causes of action and deny defendant's motion for attorney's fees. A separate order will be entered in accordance with this memorandum opinion.

DATED this 10th day of August, 2005.

BY THE COURT:

/s/ Lyle E. Strom
_____
  LYLE E. STROM, Senior Judge
  United States District Court